UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

CASE NO. 17-20701
HON. DENISE PAGE HOOD

v.

DR. BERNARD SHELTON,

    Defendant.
    _____/

**ORDER REGARDING JURY INSTRUCTION
ON DEATH RESULTS UNDER 21 U.S.C. 841(b)(1)(C)**

**I.    Introduction**

Defendant has been charged in a 21-count Indictment with unlawful distribution of controlled substances, in violation of 21 U.S.C. § 841(a)(1). Count Seven charges that Defendant's prescription of oxycodone for a patient ("DH") resulted in DH's death. Conviction on Count Seven carries a mandatory minimum sentence of 20 years to life. In preparing jury instructions for his case, the Government and Defendant disagree on whether the instruction for Count Seven should include a requirement that the Government prove that DH's death was reasonably foreseeable to Defendant.

**II.    Analysis**

A recent United States Supreme Court case could have addressed this issue. In *Burrage v. United States*, ___ U.S. ___, 134 S.Ct. 881, 887 (2014), the court granted

certiorari on two issues: (1) whether a defendant can be convicted when the drug was only a "contributing cause" of the death; and (2) whether the jury must be instructed that the death by overdose was a "foreseeable result" of the illegal distribution of controlled substance(s) for which the defendant was convicted. Unfortunately, the *Burrage* court did not reach the second issue.

As the Court recognized in a recent Order, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C), unless such the victim's use of the controlled substances is a "but-for cause" of the death or injury. *Burrage*, 134 S.Ct. at 892. But-for causation occurs when the distributed drug combines with other factors to produce death, and death would not have occurred without the incremental effect of the controlled substance. *United States v. Volkman*, 797 F.3d 377, 392 (6th Cir. 2015). As the *Burrage* court stated:

> When a crime requires "not merely conduct but also a specified result of conduct," a defendant generally may not be convicted unless his conduct is "both (1) the actual cause, and (2) the 'legal' cause (often called the 'proximate cause') of the result." 1 W. LaFave, Substantive Criminal Law § 6.4(a), pp. 464-466 (2d ed. 2003).
>
> * * *
>
> "Results from" imposes, in other words, a requirement of actual causality. "In the usual course," this requires proof "'that the harm would not have occurred' in the absence of--that is, but for--the defendant's conduct." *University of Tex. Southwestern Medical Center v. Nassar*, 570 U.S. ----, ----, 133 S.Ct. 2517, 2525, 186 L.Ed.2d 503 (2013) (quoting Restatement of Torts § 431, Comment a (1934)).

*Burrage*, 134 S.Ct. at 887-88.

Since *Burrage* was decided, several Circuits have addressed whether a jury must be instructed that the Government must prove that a victim's death was foreseeable to the defendant as a result of distributing the controlled substance(s) to the victim. Each of those Circuits has concluded that the trial court need not give an instruction requiring the jury to make a finding regarding the foreseeability of death from the use of a controlled substance. *See United States v. Harden*, 893 F.3d 434, 449 (7th Cir. 2018) ("In sum, the 'death results' enhancement in § 841(b) does not require proof that the death was reasonably foreseeable"); *United States v. Alvarado*, 816 F.3d 242, 250 (4th Cir. 2016) ("[T]he 'plain language [of § 841(b)(1)(C) ] reveals Congress' intent' to 'put[ ] drug dealers . . . on notice that their sentences will be enhanced if people die from using the drugs they distribute.'" (quoting *United States v. Patterson*, 38 F.3d 139, 145 (4th Cir. 1994)); *United States v. Burkholder*, 816 F.3d 607, 618 (10th Cir. 2016) (holding that the government was not required to prove that death "was a reasonably foreseeable result" of the defendant's distribution of a controlled substance).[1]

---

[1] Several other Circuits had reached the same conclusion before *Burrage* was decided. *See, e.g., United States v. Webb*, 655 F.3d 1238, 1250 (11th Cir. 2011); *United States v. De La Cruz*, 514 F.3d 121, 137 (1st Cir. 2008); *United States v. Houston*, 406 F.3d 1121, 1124-25 (9th Cir. 2005); *United States v. Carbajal*, 290 F.3d 277, 284 (5th Cir. 2002); *United States v. McIntosh*, 236 F.3d 968, 972 (8th Cir. 2001), *abrogated on other grounds by Burrage*, 134 S.Ct. 881; *United States v. Robinson*, 167 F.3d 824, 832 (3d Cir. 1999).

In *United States v. Volkman*, 797 F.3d 377, 392-93 (6th Cir. 2015), the Sixth Circuit noted the defendant conceded that the district court had properly given the jury a "but-for" causation instruction; the "but-for" causation instruction included the directive that "[i]n order to establish that a death resulted from [d]efendant's conduct, the government need not prove that the death was foreseeable to the defendant, . . . ." Numerous district courts in the Sixth Circuit have considered the "foreseeability of death" issue since *Burrage* and have uniformly recognized that the Government is not required to prove that the death was a reasonably foreseeable result of the distribution of the controlled substance. *See United States v. Davis*, 2019 WL 168325, at \*\*2-4 (N.D. Ohio Jan. 11, 2019); *United States v. Anderson*, 2018 WL 2306985, at \*7 (M.D. Tenn. May 21, 2018). *See also De La Cruz v. Quintana*, 2014 WL 1883707, at \*2 n.2 (E.D. Ky. May 1, 2014).

In reviewing Defendant's brief, the Court is not persuaded that the other courts were mistaken. Defendant does not cite the Court to any authority holding that Section 841(b)(1)(C) requires proof that the victim's death was foreseeable by Defendant. Section 841(b)(1)(C) does not use or include the word "foreseeable." None of the cases in the Sixth Circuit identified by Defendant held that the trial court should have included an instruction that the Government must prove that the victim's death was foreseeable, nor has the Court found such a case in this Circuit.

## III. Conclusion

For the reasons set forth above, the Court holds that the Government does not have to prove that DH's death was foreseeable to Defendant in order to prove that DH's death would not have occurred but-for Defendant illegally distributing the controlled substance(s) to DH.

IT IS ORDERED.

                                                      s/Denise Page Hood  
                                                      DENISE PAGE HOOD  
Dated: July 3, 2019                                  UNITED STATES DISTRICT JUDGE